THE PEOPLE OF THE STATE OF NEW YORK ex rel. NEW ENGLAND DRESSED MEAT AND WOOL COMPANY, Respondent, *v.* JAMES A. ROBERTS, as Comptroller of the State of New York, Appellant.

1. CORPORATION TAX — FOREIGN CORPORATION — WHAT IS NOT CARRYING ON MANUFACTURE. Purchasing sheep, slaughtering them, pulling the wool from the hides, selling it and the hides, converting the offal into fertilizer, reducing the carcasses to a temperature which will retard decomposition and shipping them to the place of delivery in refrigerator cars, does not constitute "carrying on manufacture," within the spirit and meaning of Laws 1880, chapter 542, as amended, and Laws 1896, chapter 908, article 9.

2. DETERMINATION OF ASSESSING OFFICER NOT BINDING ON HIS SUCCESSORS. The determination of an assessing or taxing officer that an assessment made for one particular year should be canceled for the reason that the property was not subject to the tax, is not conclusive upon succeeding officers against assessments for subsequent years upon the same property or franchise.

3. BASIS FOR TAX — DIVIDENDS EARNED WITHOUT THE STATE. The statutes make no distinction between dividends earned within and without the state, and the latter form a proper basis for assessment.

*People ex rel. N. E. Meat Co.* v. *Roberts,* 20 App. Div. 521, reversed.

(Argued February 28, 1898; decided April 19, 1898.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered October 2, 1897, reversing the determination of the comptroller of the state of New York assessing a corporation tax upon the respondent for three years ending October 31, 1896.

The tax was assessed under the provisions of chapter 542, Laws 1880, as amended, and under article nine of the present Tax Law (Ch. 908, Laws 1896). The amount of the tax was originally fixed at $2,241.24 for the six years preceding October 31, 1896. Upon a rehearing, it being made to appear that a former comptroller had, in 1893, written to an officer of the relator that the department was of the opinion that it was not subject to a corporation tax, the assessment was reduced to the sum of $1,009.08, being for the three years ending October 31, 1896.

The relator is a foreign corporation organized under the laws of the state of Maine, with its principal office in the city of Boston. Since the first of December, 1889, it has had a a branch office and conducted a portion of its business at East Buffalo, in the county of Erie, N. Y.

A certiorari was obtained to review the determination of the comptroller, and, after a hearing before the Appellate Division, that court held that the relator was not subject to the tax assessed for the reason that its business within the state was manufacturing, and, consequently, it was exempt from taxation under the provisions of the corporation tax laws.

*T. E. Hancock* for appellant. The respondent is not a corporation wholly engaged in carrying on manufacturing in the state of New York within the meaning of the corporation tax laws of the state. (*E. J. Assn.* v. *State Bd. of Assrs.*, 47 N. J. 36; *Parker* v. *G. W. R. R. Co.*, 6 E. & B. 109; *Frazee* v. *Moffitt*, 20 Blatchf. 207; *Hartranft* v. *Wiegmann*, 121 U. S. 615; *People ex rel.* v. *Roberts*, 145 N. Y. 375; *People* v. *N. Y. F. D. D. Co.*, 92 N. Y. 489; *Jackson* v. *State*, 15 Ohio, 652; *United States* v. *Potts*, 5 Cranch, 284; *United States* v. *Wilson*, 28 Fed. Cas. 724; *Byers* v. *F. C. Co.*, 106 Mass. 131; *Dudley* v. *J. P. Assn.*, 100 Mass. 183; *People* v. *K. Ice Co.*, 99 N. Y. 181.) The burden of proof was on the appellant to establish that it came within the statutory exemption and to show that it was incorporated only for the purpose of manufacturing and transacting a business incident thereto. (*People ex rel.* v. *Campbell*, 144 N. Y. 173; *People ex rel.* v. *Campbell*, 145 N. Y. 587; *C. & B. Co.* v. *New Orleans*, 99 U. S. 97; *Knapp* v. *O'Neill*, 46 Hun, 318; *Sherill* v. *Hewitt*, 36 N. Y. S. R. 321; *Butler* v. *City of Oswego*, 56 Hun, 358; *Ford* v. *D. & P. L. Co.*, 164 U. S. 666; *People ex rel.* v. *Wemple*, 131 N. Y. 64; *People ex rel.* v. *Wemple*, 138 N. Y. 583; *People ex rel.* v. *Wemple*, 133 N. Y. 323; *People ex rel.* v. *Roberts*, 145 N. Y. 375.) The fact that the deputy comptroller was of the opinion, in December,

1893, that this corporation was exempt from taxation, does not preclude the present comptroller from imposing a tax for the years 1894, 1895 and 1896. (L. 1880, ch. 542, § 20.) The determination of the comptroller, unless clearly shown to have been erroneous, must stand upon the question of valuation. (*People ex rel.* v. *Wemple*, 138 N. Y. 587; *People ex rel.* v. *Wemple*, 129 N. Y. 558; *People ex rel.* v. *Wemple*, 131 N. Y. 64; *People ex rel.* v. *Wemple*, 133 N. Y. 323; *People ex rel.* v. *Campbell*, 145 N. Y. 587; L. 1880, ch. 542, §§ 16, 17; *People ex rel.* v. *Coleman*, 126 N. Y. 433; *People ex rel.* v. *Roberts*, 149 N. Y. 572.)

*James W. Eaton* for respondent. The Appellate Division was right in holding that the relator is a corporation engaged wholly in manufacturing within the meaning of the law, and, therefore, not subject to any tax. (*People ex rel.* v. *Roberts*, 20 App. Div. 514; *Engle* v. *Sohn*, 41 Ohio St. 691; *City of New Orleans* v. *Le Blanc*, 34 La. Ann. 596; *People ex rel.* v. *Roberts*, 11 App. Div. 449; *N. G. L. Co.* v. *City of Brooklyn*, 89 N. Y. 409; *People ex rel.* v. *Roberts*, 145 N. Y. 375.) The decision of the comptroller assessing a tax herein is also invalid because in contravention of the maxim of *res adjudicata*. (*City of New Orleans* v. *Bank of Louisiana*, 167 U. S. 371; *Osterhoudt* v. *Rigney*, 98 N. Y. 222; *Doty* v. *Brown*, 4 N. Y. 71; *People* v. *Stephens*, 71 N. Y. 529; *Guest* v. *City of Brooklyn*, 79 N. Y. 624; *People ex rel.* v. *Hall*, 80 N. Y. 117; *Pray* v. *Hegeman*, 98 N. Y. 351; *Griffin* v. *L. I. R. R. Co.*, 102 N. Y. 449.) The comptroller was in error in taxing upon the basis of dividends earned outside of the state of New York. (*People* v. *H. S. M. Co.*, 105 N. Y. 76; *People* v. *E. T. Co.*, 96 N. Y. 387; *People ex rel.* v. *Wemple*, 133 N. Y. 323; *Robbins* v. *S. C. T. Dist.*, 120 U. S. 489; *People ex rel.* v. *Wemple*, 131 N. Y. 64; *People ex rel.* v. *Wemple*, 129 N. Y. 558; *People ex rel.* v. *Roberts*, 8 App. Div. 201; 151 N. Y. 619; *People ex rel.* v. *Campbell*, 139 N. Y. 68; *People ex rel.* v. *Campbell*, 66 Hun, 146; *People* v. *H. Ins. Co.*, 92 N. Y. 328.) The basis of taxation adopted

by the comptroller for the years 1894 and 1895, even under his own reasoning as to the business done by the relator, is in any event, exclusive of dividends earned outside of the state of New York, excessive. (*People ex rel. v. Wemple*, 150 N. Y. 46; *People ex rel. v. Campbell*, 74 Hun, 101; 143 N. Y. 625; *People v. A. B. T. Co.*, 117 N. Y. 241; *People ex rel. v. Campbell*, 138 N. Y. 543.)

MARTIN, J. The principal and most important question involved in this case is, whether the business conducted by the relator in this state was manufacturing within the meaning and intent of the corporation tax laws, by the provisions of which manufacturing corporations carrying on "manufacture" within the state are exempt from the operation of the laws relating to corporation taxes.

Briefly stated, the principal business carried on by the relator was the purchasing of sheep and lambs, slaughtering them, pulling the wool from the hides or pelts, selling it, selling the hides, taking from the animals the offal, including the blood and legs, converting it into fertilizer, and then reducing the carcasses to a temperature which would retard decomposition, and shipping them to the place of delivery in refrigerator cars. We think this does not constitute "carrying on manufacture" within the spirit and meaning of the statutes.

The business conducted by the relator was obviously that of purchasing, slaughtering and selling sheep and lambs. While it utilized the hides, the wool, the tallow and the offal, as well as the carcasses of these animals, yet, to say that refrigerated mutton, rendered tallow, pulled wool or untanned hides were manufactured articles would be quite incorrect. The words of a statute are to be given their natural, plain, obvious and ordinary signification. To say that the relator was engaged in manufacturing mutton, wool, hides or tallow, would not be giving to the words "manufacture" or "manufactures" their ordinary and plain meaning. It may be that the fertilizer might be regarded as a manufactured article, but that was not the principal business in which the relator

was engaged, but was a mere incident to it. Manifestly, none other of these articles was manufactured. At most, they were merely prepared for market and preserved until sold. We are clearly of the opinion that the relator was not a manufacturing corporation, nor engaged in " carrying on manufacture " in this state, within the spirit and meaning of the statutes.

Moreover, the principle of the decisions of this court is adverse to the contention of the respondent. (*People* v. *Knickerbocker Ice Co.*, 99 N. Y. 181; *People ex rel. U. P. T. Co.* v. *Roberts*, 145 N. Y. 375.) In the *Knickerbocker Ice Co.* case it was held that a corporation, engaged in collecting, storing and preserving ice, of preparing it for market and of transporting and vending it, was not a manufacturing corporation, under the provisions of the statute under consideration, and did not fall within the exception contained in it. In the *U. P. Tea Co.* case the relator was engaged in the sale of spices, baking powder, coffee and tea. It purchased these articles in bulk, and the spices and baking powder were put up by it in packages for sale. Various kinds of tea were mixed together, and the compound was called and sold as " combination tea." The coffee was purchased in the raw bean, then roasted and ground, and in some instances different kinds were mixed together. The relator in that case claimed that it was a manufacturing corporation, and, therefore, exempt from the corporation tax, but this court held that the business carried on by it was not manufacturing, and that it was liable for the tax imposed.

It is quite obvious, both upon principle and authority, that the relator in the case at bar was not a manufacturing corporation within the meaning of the Corporation Tax Law, and the Appellate Division erred in holding otherwise.

Another ground upon which the respondent relies to defeat this appeal is that the decision of the comptroller in 1893 to the effect that the relator was not liable to taxation because it was a manufacturing corporation, was *res adjudicata*, and, therefore, the comptroller in 1897 was bound by that decision and estopped from holding otherwise. It appears from the

record that in 1893 the relator applied to the comptroller for a cancellation of the taxes assessed against it for the years 1890, 1891 and 1892, upon the ground that it was a manufacturing corporation, and was engaged in no other business in the state of New York. That application was accompanied by the affidavit of an officer of the company, describing the business that was conducted in this state by the relator. On the hearing in the present case, there was testimony to the effect that an officer of the relator came to Albany in November, 1893, to see the then comptroller in relation to the taxes thus assessed; that they went over the whole subject, and that subsequently, on December 1, 1893, the deputy comptroller wrote the relator a letter, which was to the effect that it was the opinion of the department that the relator was exempt from the taxes assessed by reason of its being a manufacturing corporation wholly engaged in carrying on manufacturing within the state of New York. It is to be observed that the assessment under consideration included none of the years for which the former assessment was made. Thus, the single question presented seems to be whether the determination of an assessing or taxing officer that an assessment made for one particular year should be canceled for the reason that the property was not subject to assessment, is conclusive upon succeeding officers against assessments for subsequent years upon the same property or franchise. Officers upon whom the duty of making assessments for the purpose of taxation is imposed are independent public officers, exercising public powers, charged with special public duties, possessing no jurisdiction as agents of the state, and for whose acts the state is not liable. Nor is the state responsible for any mistake or misfeasance by them in the performance of their duty. (Mechem on Public Officers, § 28; *Lorillard* v. *Town of Monroe*, 11 N. Y. 392.) The statute imposes on such officers the duty to perform certain distinct and definite acts. By the statute under consideration, the duty was imposed upon the comptroller to tax every corporation, joint stock company or association doing business in the state,

except certain corporations and institutions, among which were manufacturing corporations carrying on manufacturing within the state.     If, in 1894, 1895 and 1896, the relator was actually engaged in carrying on a business within the state which was not that of manufacturing, and, consequently, did not fall within any exception in the statute, then it was the plain duty of the comptroller to assess it for a corporate tax as provided by statute, and the fact that through misapprehension or otherwise a former comptroller had refused or neglected to discharge his duty as such taxing officer could not interfere with or prevent a discharge of his duty by the present comptroller.     In other words, this statute imposes upon the comptroller the duty of assessing upon corporations which are liable therefor, the tax provided for by statute in each year during which they are liable to such assessment, independent of any action by a former comptroller.     We are aware of no principle which would justify this court in holding that because a former comptroller erroneously decided that the relator was not liable to be assessed for the years 1890, 1891 and 1892, the right to assess it for subsequent years was forfeited, or that the exercise of that right was in any way barred.

While it may be true that, where actions are brought involving a question as to the validity of a tax imposed under some particular statute, the determination of the question upon which its validity depends may become *res adjudicata* in a subsequent action, we think there is no ground for holding that the action of a mere assessing officer in determining that property is exempt from assessment for one year concludes the state as to the taxes imposed in subsequent years, and prevents other assessing officers from complying with the clear and plain requirements of the statute.     We are of the opinion that the action of the comptroller, in 1893, in no way affected or estopped the comptroller, in 1897, from assessing a proper corporation tax upon the relator, and that the determination of the Appellate Division cannot be sustained upon that ground.

Another contention of the respondent is that the comptroller erred in the basis upon which this tax was assessed. That it was based upon the dividends of the relator is not denied. But the particular claim of the respondent is that its dividends were earned in its business transacted outside of the state of New York, that its business conducted in the state was without profit, and, consequently, that the dividends could form no proper basis for the assessment. The answer to that contention is that the statute declares the basis upon which the assessment is to be made, and makes no distinction as to the locality where the money was earned which was divided. We find nothing in the statute to justify the contention of the respondent.

We think the tax was properly assessed, that the basis adopted was the correct one, that the order of the Appellate Division was wrong, that it should be reversed, and that the determination of the comptroller should be affirmed.

All concur.

Order reversed, etc.