(28 Misc. Rep. 460.)

## ROCKEFELLER et al. v. TAYLOR et al.

(Supreme Court, Special Term, Westchester County. July, 1899.)

1. TAXATION—POWER OF ASSESSORS TO DEFEND SUIT—ALLOWANCE OF EXPENSE BY TOWN.
     Inasmuch as the tax law (Laws 1896, c. 908, §§ 250–255) provides for the review of the action of town assessors by certiorari in the supreme court after completion of the assessment roll on petition of any person aggrieved, in which proceeding the assessors are required to make a sworn return on which a trial may be had, and witnesses examined, they are by implication given power to employ counsel to represent them in such proceedings and to subpœna witnesses, and the expense thereby incurred is a legitimate charge against the town, which the board of audit may legally allow, although it did not authorize or direct a defense to be made.

**2. SAME—TAXPAYERS' SUIT—REVIEW OF ACTION OF TOWN BOARD.**

Where claims against a town are for matters which constitute proper town charges, the good faith and propriety of the expenditures are for the consideration of the town board, and their audit cannot be reviewed in a taxpayers' action on the ground that it constitutes waste or injury to the property of the town, within the meaning of the taxpayers' act.

Taxpayers' action by William Rockefeller and others against Moses W. Taylor and others. Complaint dismissed.

H. H. Morse (H. T. Dykman, of counsel), for plaintiffs.
Henry C. Henderson, for defendant Frank V. Millard.
Henry C. Griffen, for defendants members of town board of Mt. Pleasant.
Cyrus A. Bishop, for defendant John J. Suinott.

HIRSCHBERG, J. This is a taxpayers' action, brought for the purpose of preventing waste of public funds in the threatened payment of alleged illegal and unauthorized claims against the town of Mt. Pleasant, Westchester county. The claims all arose in certiorari proceedings instituted by the plaintiffs in the years 1896 and 1897 against such of the defendants as were then the assessors of the town to review the assessment upon the plaintiffs' property, and cover the charges for services of the lawyer employed by the assessors, stenographers' bills, the assessors' charges for disbursements, etc., and the expenses of witnesses and experts examined and employed in the defense of the certiorari proceedings. Those proceedings resulted adversely to the assessors, the decree adjudging that the assessment complained of was illegal "in so far as the property of the relators was overvalued, and was made, so far as Michael J. Martin was concerned, by and with malice, and by the other assessors through negligence." No costs, however, were imposed against the assessors. The town board did not authorize or direct the assessors to defend the certiorari proceedings, nor to employ a lawyer, or procure witnesses and experts, and the case has been submitted by the plaintiffs upon the theory that, in the absence of such authorization, the act of the assessors in defending the proceedings and in incurring the expenses indicated was wholly illegal, and that none of such expenses is a proper and lawful town charge. The complaint does, indeed, allege collusion on the part of the defendants in reference to the presentation and audit of these claims, but this charge was withdrawn upon the trial. The claims have all been audited by the town board, and the plaintiffs make no claim that any of them is excessive in amount, so that the only questions for consideration involve the power of the assessors to incur the liability in the first instance, independently of action by the town board, and the propriety of a taxpayers' action to prevent the town board from ratifying contracts of which they approve, and which they originally could have lawfully authorized. I think the assessors had a perfect legal right to defend themselves and their assessment in the proceedings which the plaintiffs instituted against them, and to incur such expense as was legitimately and necessarily incident to the defense. This they could have done at the expense of the town by procuring the authority of

the board in the first instance, and, having acted with the apparent
sanction of the town board throughout, I see no reason why that body
cannot now adopt and audit whatever necessary and legitimate en-
gagements the assessors made in the course of their defense. The
good faith and propriety of the expenditures address themselves to
the judicial consideration of the town board, and their audit cannot
be reviewed in this action. An excessive allowance, or an erroneous
conclusion by the board upon the facts, does not constitute waste or
injury to the property of the town, within the meaning of the tax-
payers' act. Osterhoudt v. Rigney, 98 N. Y. 222. The assessors, as
town officers, discharged their duties independently of the town board,
but, of course, subject to the authority of that body to determine
finally the legality and propriety of all town charges incurred. As
was said in People v. Roberts, 155 N. Y. 413, 50 N. E. 55:

"Officers upon whom the duty of making assessments for the purpose of
taxation is imposed are independent public officers, exercising public powers,
charged with special public duties, possessing no jurisdiction as agents of the
state, and for whose acts the state is not liable. Nor is the state responsible
for any mistake or misfeasance by them in the performance of their duty.
Mechem, Pub. Off. § 28; Lorillard v. Town of Monroe, 11 N. Y. 392. The stat-
ute imposes on such officers the duty to perform certain distinct and definite
acts."

And in People v. Zundel, 157 N. Y. 518, 52 N. E. 571, the court said:

"Assessors are independent public officers, whose duties are prescribed by
law. Mechem, Pub. Off. § 28. They are in no legal sense the agents or rep-
resentatives of the town, and the town is not responsible for their acts or
omissions. Lorillard v. Town of Monroe, 11 N. Y. 392. Thus the appellants,
in assessing the relators for the year 1888, in no just sense acted for the town,
or in any way bound it. What they did was to discharge the public duties
imposed upon them by statute, for which the town was in no way responsible."

The duties devolving on the assessors are regulated by the tax
law (Laws 1896, c. 908), and are too familiar to require setting forth
in detail. After the assessment roll has been completed, and all
grievances examined and passed upon by the assessors, article 11
of the law provides for a review of their action in the supreme court.
A person aggrieved presents a verified petition, as prescribed in sec-
tion 250, and the court thereupon allows the issuance of a writ of
certiorari to the officers making the assessment to review such assess-
ment, and prescribes therein "the time within which a return thereto
must be made and served upon the relator's attorney," etc. Section
251. In their return the assessors must set forth, among other
things, such facts as may be pertinent and material to show the value
of the property assessed on the roll, and the grounds for the valuation
made by the assessing officers, and the return must be verified. Sec-
tion 252. By section 253 it is provided that if, upon the hearing
upon the return, it shall appear to the court that testimony is neces-
sary for the proper disposition of the matter, it may take evidence,
or may appoint a referee to take such evidence as it may direct, and
report the same to the court, with his findings of fact and conclu-
sions of law, which shall constitute a part of the proceedings upon
which the determination of the court shall be made. By section 254
it is provided that costs may be awarded either in favor of or against

the assessors, and by section 255 that "an appeal may be taken by either party from an order, judgment or determination under this article as from an order, and it shall be heard and determined in like manner as appeals in the supreme court from orders." We have here an entire and comprehensive scheme for a thorough and intelligent investigation into and determination of the question of the proper and equitable assessment of property for the purposes of taxation. The assessors, not acting as the agents or representatives of their town, but as independent officers of the town, acting in the interest and for the benefit of the town, determine the assessable value of the property. On a fixed day they hear complaints, take testimony, and judicially determine the assessable value, and embody the results of their inquiries in the roll as finally completed. Any one then aggrieved may assail them by the process of the court, and in response to that process they are obliged to make a sworn return. On the issue thus raised a trial is had, necessarily involving the examination of witnesses before the court or a referee, and, if the result is adverse to the assessors, they are at liberty to appeal to a higher court for ultimate judgment. If the assessors could not lawfully employ counsel or subpœna witnesses, they would manifestly be seriously handicapped in such proceedings. The rule is a familiar one that, where power is conferred, it carries with it every essential right incident to and necessary for the performance of the power.

Section 180 of the town law (Laws 1890, c. 569) declares what are town charges. They include: (1) The compensation of town officers for services rendered for their respective towns; (2) the contingent expenses necessarily incurred for the use and benefit of the town; (7) the costs and expenses lawfully incurred by any town officer in prosecuting or defending any action or proceeding brought by or against the town or such officer for an official act done, in all cases where the officer is required by law to so prosecute or defend or to do such act, or is instructed to so prosecute or defend or do such act, by resolution duly adopted by the town board, or at a town meeting duly held. The plain reading of subdivision 7 would seem to make a town charge of the costs and expenses incurred in defending a legal proceeding brought against an officer for an official act done under the requirement of the law, and it is not easy to see why a writ of certiorari sued out against the assessors for the purpose of reviewing and reversing an assessment which the law required them to make does not come within the terms and conditions of the statute. But the appellate division, in the Third department, appear to have decided, in People v. Vanderpoel, 35 App. Div. 73, 54 N. Y. Supp. 436, that the act of making an assessment upon property is not such an official act as this statute contemplates, but that the statute relates solely to such acts as create personal liability on the part of the officer, or to such acts as he is required by law to perform, and it is necessary for him to defend an action in order to perform them. 35 App. Div. 77, 54 N. Y. Supp. 436. It is doubtful if the decision was necessary to the determination of that case. There the assessors had employed a lawyer to defend them in certiorari proceedings, and had paid him $766.65 for his services. They then pre-

59 N.Y.S.—66          o

sented the bill to the town board for audit, and the board did audit it at the sum of $200. On certiorari to review this audit the court confirmed the action of the town board. In that case the assessors had employed counsel without first receiving the authority of the town board, and there was no suggestion that the board was thereby precluded from auditing the bill. The sole question was one of amount, and the court refused to annul the action of the town board in fixing the amount at such figures as to them seemed right. In this case, as has been seen, there is no claim made that the charges are excessive. So far as the lawyer's bill is concerned, the plaintiffs' attorney testified that it was "very moderate." As to others, the claim is made that they are not proper town charges, but not that the amounts are unreasonable or inordinate. But there is no claim that the subject-matter itself is not within the jurisdiction of the town board, or that there is any collusion or want of good faith. As the court said in Osterhoudt v. Rigney, 98 N. Y. 232, the taxpayers' act "has not abrogated the rule that the acts of a board of audit, within its jurisdiction, in the absence of fraud and collusion, cannot be questioned in a collateral proceeding. Whether the claim is a proper town or county charge in a case where it is doubtful and rests upon disputed evidence, and what amount shall be allowed, when not fixed by statute, are questions which the statute commits to the determination of the board of audit, and, however much it may err in judgment upon the facts, so long as it keeps within its jurisdiction, and acts in good faith, its audit cannot be overhauled, but is final, as well as to the taxpayers as to the claimant." The injunction should be dissolved, and the complaint dismissed, with costs.

Injunction dissolved, and complaint dismissed, with costs.