## SUPREME COURT — APPELLATE DIVISION — FIRST DEPARTMENT.

### November 9, 1917.

## THE PEOPLE ex rel. JOSEPH QUINN v. HENRY O. SCHLETH.

### (180 App. Div. 319.)

GRAND LARCENY, SECOND DEGREE — POWER OF COURT OF GENERAL SESSIONS TO IMPOSE SENTENCE TO PENITENTIARY RATHER THAN TO STATE PRISON — SENTENCE UNDER PAROLE COMMISSION ACT.

A person convicted of an attempt to commit grand larceny in the second degree by the Court of General Sessions may, in the discretion of the court, be sentenced to imprisonment in the penitentiary and, therefore, may be sentenced under the provisions of the Parole Commission Act which, among other things, provides that the court shall not fix or limit the term of imprisonment which must not exceed three years.

SAME.

As said court had jurisdiction to impose said sentence the defendant is not entitled to be resentenced to a State prison as would have been necessary if the court in its discretion had imposed a sentence exceeding one year.

APPEAL by the People of the State of New York from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 15th day of September, 1917, sustaining a writ of habeas corpus and discharging the relator from the custody of the warden of the penitentiary and remanding him to the city prison, to be resentenced by the Court of General Sessions to a State prison.

*Don Carlos Buell,* for the appellant.

——— ———, for the respondent.

DAVIS, J.:

The relator was indicted in the. Court of General Sessions for grand larceny in the second degree as a first offense, although he had previously been confined in a State prison for felony. Grand larceny in the second degree is punishable by imprisonment for a term not to exceed five years.    (Penal Law, § 1297.) Relator pleaded guilty to an attempt to commit grand larceny in the second degree, an offense punishable by imprisonment for not more than half the longest term prescribed upon a conviction for the commission of the offense attempted. (Penal Law, § 261.)

Under this plea, relator could have been imprisoned for any term less than two and one-half years.    Such being the case, the Court of General Sessions could have imposed a sentence of one year in the penitentiary.    If the court deemed one year sufficient punishment for the offense, it was within the discretion of the court to send the defendant to the penitentiary or State prison.    (Penal Law, § 2182.)    If the court deemed less than one year sufficient punishment, it would have to send the defendant to the penitentiary.    (Penal Law, § 2181.)    It follows, therefore, that the offense of which the defendant was convicted on his plea of guilty was punishable by imprisonment in the penitentiary, as well as by imprisonment in the State prison, depending upon whether the sentence imposed was or was not less than a year.    The General Sessions of February 19, 1917, adjudged that the defendant should be imprisoned in the penitentiary, there to be dealt with according to law.    The form of sentence made the defendant subject to the provisions of the Parole Commission Act, which provides in section 4 as follows: " After the creation of a parole commission in any of the said cities as hereinbefore provided, any person convicted of any offense punishable by imprisonment in a penitentiary    *    *    * shall, if committed to any institution under the jurisdiction of the department of correction in said city, be sentenced and com-

mitted to a penitentiary * * * under the jurisdiction of the said department of correction." (Laws of 1915, chap. 579, § 4.)

The relator was convicted of an attempt at grand larceny in the second degree. It was an offense punishable by imprisonment in the penitentiary, as we have already seen. It was, therefore, proper for the court to sentence the relator under the provisions of the Parole Commission Act. Section 4 of the Parole Commission Act further provides that the court shall not fix or limit the term of imprisonment, which must not exceed three years. Under section 5, the Parole Commission has the power to parole, conditionally release, discharge, retake or reimprison any inmate of the penitentiary sentenced under the act, with the approval of the judge. (See, also, Laws of 1916, chap. 287, amdg. said §§ 4, 5.)

Relator, appreciating the possibility that he may have to spend three years in the penitentiary under the sentence, insists that he be sentenced to the State prison, on the ground that the offense of which he was convicted is a felony which he claims requires a State prison sentence. This contention is unsound. Section 2183 of the Penal Law provides that where a person is convicted of a crime for which the punishment inflicted is imprisonment for a term exceeding one year, or is sentenced to imprisonment for such a term, the imprisonment must be inflicted by confinement at hard labor in a State prison. This section means simply that if the court imposes a sentence exceeding one year, imprisonment cannot be in the penitentiary. In the case at bar the court did not sentence the defendant for more than a year. It had the discretion between one year and two and one-half years; and instead of sentencing for an indefinite term, it imposed a sentence under the Parole Commission Act, which it had a perfect right to do. In People ex rel. Bedell v. Foster (132 App. Div. 116) the appellant was detained in the penitentiary under the sentence of one year upon a judgment of

convicton of grand larceny in the second degree. He claimed that he was illegally imprisoned. He claimed that it was obligatory upon the court to sentence him under the Indeterminate Sentence Law, which at that time was section 687a of the Penal Code and now is section 2189 of the Penal Law. The Appellate Division of the Second Department *held* that the contention was unsound and stated that under the provisions of section 699 of the Penal Code, which had been continued as section 2186 of the Penal Law, authority is vested in the court when a term of imprisonment of a male person convicted of a felony is fixed at one year or less, to direct imprisonment in a county penitentiary instead of in a State prison.

My conclusion is that the relator, having been convicted of an offense punishable for any term less than two and one-half years, could be sentenced to the penitentiary, and was, therefore, properly sentenced under the Parole Commission Act. The court, therefore, erred in sustaining the relator's writ.

The order is reversed, the writ dismissed, and the relator remanded to the custody of the warden of the penitentiary and held pursuant to the commitment of the Court of General Sessions.

CLARKE, P. J., SCOTT, SMITH and SHEARN, JJ., concurred.

Order reversed, writ dismissed and relator remanded to custody as stated in opinion. Order to be settled on notice.