HARLEM BUSINESS CENTER, INC., Plaintiff, Appellant, v. HARRY
ROTHENBERG, Defendant, Respondent.

Supreme Court, Appellate Term, First Department, June 19, 1924.

**Judgments — res adjudicata — doctrine applies only to persons concluded
by prior decision — no allegation that plaintiff received any notice of
or took any notoriously active part in previous litigation — motion by
plaintiff to strike out defense of res adjudicata granted.**

The doctrine of *res adjudicata*, beyond the immediate parties to the previous
adjudication, prescribes that the third party must be either privy to, or have
the right to control the conduct of, the litigation or have been vouched in or
perhaps have taken some open and notoriously active part in the actual conduct
of the litigation.

Accordingly, plaintiff's motion to strike out a defense of *res adjudicata* in defend-
ant's answer should be granted where it appears that there was nothing to show
that the plaintiff took any part whatsoever in the previous trial except as a
witness, nor any allegation that the plaintiff ever received a notice of the
previous litigation or was " vouched in " it.

APPEAL by plaintiff from an order of the City Court of the city
of New York denying its motion to strike out a defense of *res
adjudicata.*

*Leopold Freiman,* for the appellant.

*Abraham M. Fisch,* for the respondent.

*Per Curiam.* The complaint alleges in substance that one
Gutman owned premises which had been leased to the defendant
with an option to Gutman to cancel the lease on giving a prescribed
notice and paying a certain bonus; that such notice was given; that
Gutman thereupon conveyed to the plaintiff who agreed with Gutman
to pay defendant the stipulated bonus; that subsequently plaintiff
agreed to give defendant a new lease on the premises on condition
that defendant would release Gutman from the claim for the bonus;
that thereafter defendant nevertheless sued Gutman for the bonus
and recovered judgment which plaintiff thereupon, in accordance
with his agreement, paid Gutman and now seeks to recover from
defendant.

The defense objected to is couched in rather general terms and
states a number of conclusions of law to which as such, however,
no objection is taken. It recites in substance that in the present
defendant's suit against Gutman the issues were the same as the
ones presented by the present complaint, namely, whether defend-
ant had agreed with the plaintiff to release Gutman from the claim
for the bonus " and that at the said trial the present plaintiff

testified in favor of Gutman." There is no allegation that plaintiff took any part whatsoever in the trial except as a witness, nor any allegation that Gutman gave any notice to plaintiff of the previous suit or " vouched it in." The application of the doctrine of *res adjudicata*, beyond the immediate parties to the previous adjudication, prescribes that the third party must be either privy to, or have the right to control the conduct of, the litigation or have been vouched in or perhaps have taken some open and notoriously active part in the actual conduct of the litigation. *St. John* v. *Fowler*, 229 N. Y. 270, 274; *Fish* v. *Vanderlip*, 218 id. 29, and cases there cited. In the cases cited by respondent the parties concluded were generally those who had been notified by an immediate party to take part in the litigation; and in *Gallo* v. *Brooklyn Savings Bank*, 199 N. Y. 222, the matter of prior adjudication is discussed merely *arguendo*, the actual decision being on the merits. The respondent, of course, is unable to point to any cases in which a person not immediately interested in the contract or transaction between the previous litigants and not vouched in, in some way has been held to be concluded by the prior decision.

Order reversed, with ten dollars costs, and motion granted, with ten dollars costs.

All concur; present, Bijur, Mullan and Levy, JJ.

Order reversed.