THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE NORWICH PHARMACAL COMPANY, Relator, *v.* CHARLES E. PORTER and Others, as Assessors of the City of Norwich, N. Y., Constituting the Board of Assessors of the City of Norwich, N. Y., Respondents.

Supreme Court, Chenango County, June 28, 1928.

**Taxation — assessment — certiorari to review assessment — order in certiorari proceedings to review assessment for 1920 not res judicata in present proceedings to review assessment for year 1921.**

An order granted in certiorari proceedings brought to review an assessment for the year 1920 cannot be pleaded as *res judicata* in this proceeding to review the assessment for the year 1921 on the same property.    This is so because the parties are not the same in the two proceedings and because the assessment from year to year may be changed.

CERTIORARI to review assessment.

*Hubert L. Brown,* for the relator.

*H. C. Stratton,* for the respondents.

39

Supreme Court, June, 1928.                    [Vol. 132

Rhodes, J.   The plaintiff by certiorari seeks to review an assessment upon its property made by the defendants for the year 1921. The defendants filed a return setting up certain defenses, among others alleging as a bar a prior adjudication.   By an order of this court it was directed that the issue of *res adjudicata* be first determined and pursuant thereto a trial of this issue has been had.

It appears that the plaintiff brought a proceeding against the assessors of the city of Norwich to review the assessment upon its property for the year 1920.   After issue joined, the parties appeared in court and stipulated and agreed upon the form of the decision and judgment which were entered therein.   The defendants insist that the decision and judgment then entered constitute a bar to this proceeding.   A former adjudication to be available as a plea must have been a previous determination of the same issues between the same parties or their privies.   (*Fish* v. *Vanderlip*, 218 N. Y. 29.)   In the case at bar the parties are not the same. The assessors for the year 1921 are different from the ones in 1920 and the assessors for the succeeding year were not bound by the acts of their predecessors.   (*People ex rel. N. E. D. Meat Co.* v. *Roberts*, 155 N. Y. 408; *People ex rel. Eckerson* v. *Zundel*, 157 id. 513.)   Neither is the subject-matter the same.   (See *People ex rel. N. E. D. Meat Co.* v. *Roberts, supra; People ex rel. Eckerson* v. *Zundel, supra; People ex rel. American Manufacturing Co.* v. *Commissioners of Taxes*, 104 Misc. 703; affd., on opinion below, 184 App. Div. 901.)   The determination of the assessors as to the valuation of each piece of property in the city for any certain year would be a separate act and proceeding from their determination in any other year.   Changes necessarily occur in the condition and valuation of various pieces of property in a tax district from year to year and it is hardly conceivable that the figures in any one year would be identical with those of any other year as to the entire assessment roll.

The defendants having pleaded *res adjudicata*, the burden is upon them to establish this defense.   (*Bell* v. *Merrifield*, 109 N. Y. 202; *Rudd* v. *Cornell*, 171 id. 114.)   This burden, I think, the defendants have failed to meet.

If these conclusions are correct, the plaintiff is not precluded by the former determination and is entitled to have the remaining issues heard and determined.   I direct accordingly.