THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE NORWICH PHARMACAL COMPANY, Respondent, *v.* CHARLES E. PORTER and Others, as Assessors of the City of Norwich, N. Y., Constituting and Being the Board of Assessors of the Said City of Norwich, N. Y., Appellants.*

Third Department, January 15, 1930.

*H. C. Stratton,* for the appellants.

*Hubert L. Brown,* for the respondent.

* Affg. 132 Misc. 609.

HILL, J. The relator has obtained a writ of certiorari under the Tax Law (§ 290 *et seq.*, as amd.) to review the 1921 assessment of its property in the city of Norwich. The board of assessors pleaded, among other things, that the assessment for 1921 substantially followed that for 1920 as fixed by the court in a certiorari proceeding, and that the value so fixed is *res judicata.* This has been tried separately, pursuant to an order severing the issues. This appeal is from a decision that the judgment is not *res judicata.*

It is *res judicata* unless the value of the property has increased or decreased, or there has been some other change affecting the assessable value. (*People ex rel. Warren* v. *Carter*, 119 N. Y. 557.) However, if there is not an identity of parties and subject-matter, that is, if the personnel of the board of assessors has changed, or if there is a variance in assessed values generally in the tax district, or in the condition of the relator's property, the decision is not *res judicata.* (*People ex rel. Eckerson* v. *Zundel*, 157 N. Y. 513.)

The conditions in 1921 differed from those in 1920 in three particulars. There was one new member on the board of assessors. The assessed value of nearly 400 items of property was changed, with a reduction of $22,450 in the aggregate assessment. The relator constructed a new building adjacent to its plant, upon land owned in 1920. If these changes are not substantial, *People ex rel. Warren* v. *Carter* (*supra*) applies; if they are, *People ex rel. Eckerson* v. *Zundel* (*supra*) is the authority which should be followed. In the latter case, a majority of the board had been replaced by new members; here a minority. While the decision of a majority is determinative as to value, it is the result of the collective judgment of the three, and each is required to take counsel from and to consider the judgment and opinion of his associates. Thus the valuation might differ.

The decision in 1920 determined the relative value of relator's property. A change in the assessed value of any other property in the tax district would affect the amount of taxes paid. Two hundred and seventy thousand dollars was determined to be a fair valuation of relator's property in view of the valuation placed upon other property. If other valuations are changed, relativity no longer exists. The value of relator's new building was added to the 1920 assessment. This may or may not be equitable, for while the new building may have increased the value of the plant, some of the old structures may be less valuable because of the curtailment of light and air or ease of approach.

The trial court has found, upon sufficient evidence, that the

judgment as to 1920 was entered upon stipulation and consent and not as the result of judicial investigation and determination. Relator asserts that it consented to an inadequate reduction because no appearance or objection was made on grievance day and it feared this would defeat its claim for any reduction. While a judgment entered on consent has the force and effect of any other, " it is the agreement of the parties, entered upon the record with the sanction and approval of the court, and is their act rather than that of the court." (34 C. J. 130.) It is a " judicially recorded supposed agreement." (*Gay* v. *Parpart*, 106 U. S. 679, 699.) As such it is admissible in evidence, together with the circumstances surrounding its making. (*People ex rel. American Manufacturing Co.* v. *Commissioners of Taxes*, 104 Misc. 703; affd., 184 App. Div. 901.)

The relator is not estopped from questioning the 1921 valuation. The interlocutory judgment should be affirmed.

VAN KIRK, P. J., HINMAN, DAVIS and HASBROUCK, JJ., concur.

Interlocutory judgment affirmed, with costs.