MORRIS POSTELNECK, Appellant, v. EDBRO REALTY CO., INC., Respondent, Impleaded with NATHAN WEIN, Defendant.

First Department, January 31, 1930.

*Henry S. Miller* of counsel [*Newmark & Miller*, attorneys], for the appellant.

*Walter L. Glenney* of counsel [*Pettigrew & Glenney*, attorneys], for the respondent.

O'MALLEY, J.   Plaintiff, a tenant in premises owned by the defendant Edbro Realty Co., Inc., and of which the defendant Wein held a written lease, seeks damages for personal injuries.   His evidence was sufficient to establish, *prima facie*, negligence on the part of the person or corporation in possession and control of the premises, and of his own freedom from contributory negligence.   The main issue litigated was whether the defendant owner or the defendant Wein was in possession and control.

Plaintiff upon the trial elected to fasten liability upon the defendant owner.   To this end he sought to prove a cancellation of the lease and surrender and acceptance of the premises.   This, he asserted, was effected by agreement in February, 1926, the month immediately preceding the accident.   He offered evidence tending to show not only the specific agreement to cancel, but a subsequent collection of rents by the owner and likewise expenditures for repairs made on its behalf.

At the close of the plaintiff's case the learned trial justice dismissed his complaint as against the defendant owner and held as a matter of law that the defendant Wein had sole possession and control.   This ruling was predicated upon the theory that the plaintiff was bound by dispossess proceedings between the defendant owner and the defendant Wein, wherein it was adjudicated that the relation of landlord and tenant subsisted on March 27, 1926, the date when plaintiff received his injuries.

It appeared that subsequent to the date of the accident and on April 1, 1926, the defendant landlord instituted summary proceedings against the tenant Wein for non-payment of rent. By stipulation dated April 25, 1926, the proceedings were settled without trial.   The stipulation recited that the tenant " withdraws

his answer and consents that the court direct a verdict in favor of the landlord awarding it possession of the premises in controversy by reason of the nonpayment of rent due at the time of issuance of process." The defendant Wein as tenant further stipulated " that the lease under which he held premises as tenant was in full force and effect at the time of issuance of process herein." There was further provision for the adjustment of the accounts between the parties and as a result the tenant received the sum of $2,150, a balance in his favor resulting from a deposit as security under the lease.

In addition there was received in evidence the final order, dated April 21, 1926, whereby the defendant landlord was awarded possession of the premises for non-payment of rent, following which a warrant issued on consent.

This stipulation and order were received over the objection and exception of plaintiff's counsel upon the ground that they were not binding upon the plaintiff who was not a party to the proceedings. Plaintiff further offered to show that the answer which the defendant Wein withdrew at the time of the settlement of the proceedings had, in fact, set up the defense of cancellation and of surrender and acceptance.

In ruling as here indicated, the court committed reversible error. The stipulation and judgment received, though admissible, were not *res adjudicata* as to this plaintiff. He was not a party to the proceedings, nor was he in privity to either of the parties hereto. He was a stranger and one without any interest therein. Assuming the adjudication as between the parties thereto was had in good faith, and was, therefore, conclusive as to them, it could have no such effect with respect to the plaintiff.

It is well settled that one seeking to avail himself of an estoppel by a former judgment is required to establish not only that the issue presented was litigated and determined in the former action, but also that the former judgment was between the same parties or their privies. He must further show that the same question was involved, litigated or could have been litigated, and was decided and that the judgment was upon the merits. (*Fish* v. *Vanderlip*, 218 N. Y. 29; *Jasper* v. *Rozinski*, 228 id. 349; *St. John* v. *Fowler*, 229 id. 270.) Here, as already appears, plaintiff was neither a party to the proceedings nor a privy to either of the parties thereto. Moreover, the issue in question was not actually litigated, nor was there a judgment upon the merits, the same having been entered on consent.

It is further to be observed that the judgment in question was entered after the plaintiff's accident had occurred and his rights,

if any, had accrued. It would be anomalous, indeed, if in these circumstances his rights could be so affected by the settlement here made. To so hold would open the door to fraud and collusion between a financially responsible and an irresponsible party. As was said in *Welch* v. *Mandeville* (1 Wheat. [14 U. S.] 233, 236): " Admitting a dismissal of a suit, by agreement, to be a good bar to a subsequent suit (on which we give no opinion) it can be so only when it is *bona fide*, and not for the purpose of defeating the rights of third persons. It would be strange, indeed, if parties could be allowed, under the protection of its forms, to defeat the whole objects and purposes of the law itself."

It follows that the judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

DOWLING, P. J., FINCH, McAVOY and MARTIN, JJ., concur.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.