BUFFALO FIRE APPLIANCE CORPORATION, Plaintiff, *v.* CITY OF NORWICH, Defendant.

Supreme Court, Chenango County, July 3, 1935.

*Piper, Andrew & Sherwood* [*R. Foster Piper* of counsel], for the plaintiff.

*Lynn N. Peterson,* for the defendant.

McNAUGHT, J. The plaintiff seeks to recover upon an alleged contract for the purchase by the defendant, City of Norwich, of certain fire apparatus. The defendant moves to dismiss the complaint upon the ground that in a proceeding for a peremptory mandamus order brought by certain members of the common council of the city of Norwich against the mayor of such city, to compel the mayor to sign certain bonds, the application was denied upon the ground that the specifications for the equipment in question did not permit of competitive bidding as required by the charter of the city of Norwich, and, therefore, the contracts based upon such specifications were illegal and void (156 Misc. 479).

The defendant contends that as plaintiff seeks to recover upon such contract the adjudication was final and is binding upon it.

The plaintiff herein was not a party or privy to the mandamus proceeding. It had no right to control the conduct of the litigation. It could not appeal from the judgment or adjudication. It was not required, by notice or otherwise, to become a party to, or to participate in, the mandamus proceeding. The parties here are not the parties who were before the court in the mandamus proceeding. Such proceeding was one on the part of certain members of the common council of the city of Norwich to compel the performance of an act by the mayor. It is undoubtedly true that the decisive question which would determine the right of the plaintiff herein to recover against the defendant city would be the validity of the contract the plaintiff herein secured and upon which it seeks to recover. We are not apprised of what proof other or different than was produced in the mandamus proceeding, may be presented by the plaintiff upon the trial of this issue.

The doctrine of *res judicata* has been definitely formulated and clearly established for a long period of time. It is a rule practically universal and rests upon two grounds: *First,* public policy and necessity which makes it essential there should be an end to litigation; *second,* unreasonable hardship imposed on a defendant that he should be required twice to defend the same cause. In the application of the rule it is well established that to be available there must have been a previous determination of the same issues between the same parties or their privies. Under the term " parties " in this connection is included all who were directly interested in the subject-matter, had a right to make defense, or to control the proceedings, and to appeal from the judgment. (*Webb* v. *Buckelew*, 82 N. Y. 555; *Fish* v. *Vanderlip*, 218 id. 29; *Postelneck* v. *Edbro Realty Co., Inc.*, 228 App. Div. 105, 107; *People ex rel. Norwich Pharmacal Co.* v. *Porter*, 132 Misc. 609; affd., 228 App. Div. 54.)

While not urged in the moving papers, it is a fact that a representative of the plaintiff testified as a witness in the mandamus proceeding. This, however, is clearly insufficient to hold the adjudication in such proceeding is, therefore, *res judicata* as to this plaintiff because it participated in the trial of such proceeding. (*Harlem Business Center, Inc.,* v. *Rothenberg,* 123 Misc. 381; *Old Dominion Copper M. & S. Co.* v. *Bigelow,* 203 Mass. 159, 216; affd., 225 U. S. 111, 126.)

We, therefore, conclude that the adjudication in the mandamus proceeding referred to in the moving papers is not *res judicata* as to the plaintiff in this action.

The motion is denied, with ten dollars costs, with leave to defendant to answer within twenty days after service of a copy of the order to be entered herein with notice of entry thereof.

Submit order accordingly.