HARRY DUCKMAN, Plaintiff, *v.* STANDARD SURETY AND CASUALTY COMPANY OF NEW YORK, Defendant.*

Supreme Court, Monroe County, October 8, 1939.

*Cohen & Gould*, for the plaintiff.

*Chamberlain, Page & D'Amanda*, for the defendant.

WHEELER, J.  Plaintiff having been defeated in an action against defendant on a contract of insurance, now brings the pending action for the purpose of reforming the contract.  The question presented is whether the former action is *res adjudicata.*

The Appellate Division in the former action modified the judgment of the lower court dismissing the complaint, by striking out the words " on the merits."

To constitute the former judgment a bar to the present action, the former judgment must have been on the merits.  (*Postelneck* v. *Edbrow Realty Co., Inc.,* 228 App. Div. 105.)

The former action not having been disposed of upon the merits, is not to be considered as *res adjudicata.*  The case of *Allen* v. *United States Fire Insurance Co.* (270 N. Y. 597) does not seem to be controlling for the reason that there the former action was decided upon the merits.

Neither is the plaintiff in the present action barred by reason of an election of remedies.  (*Baird* v. *Erie Railroad Co.,* 210 N. Y. 225; 20 C. J. 16, § 11.)

The motion is granted, with costs to abide the event.

Order may enter accordingly.

---

* Affd., 258 App. Div. 923.