HARRY DUCKMAN, Respondent, v. STANDARD SURETY AND CASUALTY COMPANY OF NEW YORK, Appellant.— Order affirmed, with ten dollars costs and disbursements, on the opinion of Wheeler, J., at Special Term. [172 Misc. 641.] All concur. (The order strikes out certain defenses in defendant's answer in an action on a liability insurance policy.)   Present — Sears, P. J., Crosby, Lewis, Cunningham and Dowling, JJ.

FREDERICK MINGES and JAMES SETH MINGES, Respondents, v. JOHN FRANCIS THOMAS, Appellant.— Order modified by inserting therein a provision striking out from the third numbered paragraph of the complaint the words " and fraudulently," and, as modified, affirmed, without costs of this appeal to either party. Memorandum: This being in essence an action for replevin, the fraudulent character of the taking or detention in conjunction with the facts otherwise pleaded is not in this case. All concur. (The order denies defendant's motion to dismiss plaintiff's complaint in an action to recover possession of certain bonds.)   Present — Sears, P. J., Crosby, Lewis, Cunningham and Dowling, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM ACKERS, Appellant, v. JOSEPH H. BROPHY, Esq., Warden of Auburn State Prison, Auburn, N. Y. Respondent.— Order affirmed, without costs. Memorandum: The relator was properly convicted as a second offender on the 30th day of October, 1918. He had been previously convicted of a felony on the 19th day of May, 1915, for violation of the provisions of section 1897 of the Penal Law, as the same was amended by chapter 608 of the Laws of 1913. Although this section was amended by chapter 390 of the Laws of 1915, which was enacted on the 28th day of April, 1915, the provisions of the 1915 statute by its very terms did not become effective until the 1st day of September, 1915, and until that time the provisions of section 1897, as it previously read, remained in full effect. Even if the respondent is right in his contention that there was some irregularity in the designation of the place of imprisonment in the sentence of May 19, 1915 (Penal Law, § 2181, but see Penal Law, § 2186, and *People ex rel. Quinn* v. *Schleth*, 180 App. Div. 319), such irregularity does not affect the validity of the conviction as a conviction for a felony. (*People* v. *Finucan*, 151 App. Div. 92; *People ex rel. Devoe* v. *Kelly*, 97 N. Y. 213.) All concur. (The order dismisses a writ of habeas corpus and remands relator into custody.)   Present — Sears, P. J., Crosby, Lewis, Cunningham and Dowling, JJ.

EDNA MINGES PHILLIPS, Appellant, v. JOHN FRANCIS THOMAS, Respondent.— Judgment as to the first cause of action reversed on the law and motion in respect thereto denied, otherwise judgment affirmed, without costs of this appeal to either party. Memorandum: We find one, and only one, allegation in the first cause of action which might be found by the jury to be slander, namely, that defendant stated that plaintiff and another " tried to break into my office," intending thereby to charge plaintiff with the crime of attempted burglary. All concur. (The judgment dismisses the complaint in an action to recover damages sustained by reason of slanderous statements.)   Present — Sears, P. J., Crosby, Lewis, Cunningham and Dowling, JJ.