John L. Flynn, J.
This is a certiorari proceeding which brings up for review a determination made by respondents, Harris H. Murdock, et al., constituting the Board of Standards and Appeals. The board denied an application by the petitioner under section 21 of the Zoning Resolution, for a variance permitting petitioner to make a limited business use of five stores already in existence on the side street of petitioner’s property comprising the southeast corner of East 167th Street and Grand Concourse in the Borough of The Bronx. The land is an irregular plot with a frontage of 204.84 feet on Grand Concourse and 96.86 feet on East 167th Street. The land is improved with a six-story apartment house erected in 1938, known as 1182-1186 Grand Concourse and 180-188 East 167th Street. The store space is in the cellar portion of this building, not on any part of the Grand Concourse, but entirely on East 167th Street, beginning at a point 25 feet east of the Concourse.
The site involved in this proceeding and 167th Street are in residence and business use, C area, Class 1 height districts; Grand Concourse is in a residence use, C area, Class 1 height district. Actually a small portion of petitioner’s property is in a business use district.
The original building plans, filed on June 30, 1936, provided for the erection of a six-story multiple dwelling with stores on the 167th Street frontage, in that portion of the cellar beginning at a point 25 feet from the Concourse. The plans were rejected by the commissioner of housing and buildings on June 30, 1936 on the grounds that the stores shown in the plans would be located in a residence use district. The property owner appealed to the Board of Standards and Appeals. The board first denied the application on October 20, 1936, by a tie vote, 2 affirmative and 2 negative. Later the application was reopened and the board, on December 1, 1936, reconsidered its prior decision and the application for a variance permitting the *634 business use was granted under section 21 of the Zoning Resolution, £ £ in consideration of the added fact that a small portion of the premises were located in a business use district ’ ’. That determination was by a divided vote of 3 affirmative and 1 negative. The application had been opposed by Drake Holding Corporation, owner of an adjoining building containing stores and a theatre.
After the board had granted the application, the petitioner proceeded with the construction of the building including the five stores on East 167th Street. The Drake Holding Corporation brought certiorari proceedings and the Supreme Court on or about July 30, 1937, by order of the late Mr. Justice Hookak reversed and annulled the resolution of the board which had granted the variance. The Appellate Division affirmed, no opinion (Matter of Drake Holding Corp. v. Murdock, 253 App. Div. 798) and that decision was affirmed by the Court of Appeals (278 N. Y. 553), no opinion. Thereupon the petitioner, in compliance with the decision, dismantled the store fronts, erected a brick wall in place of the store fronts and as a result the five stores have been standing vacant for about 20 years.
A subsequent application was made to the board for relief under subdivision (e) of section 7 of the Zoning Resolution which was denied by a tie vote, 2 affirmative and 2 negative, on September 14, 1954. Thereafter the application was re-opened by the board for a rehearing under section 21. Twenty years had intervened since the 1936 decision, new facts were alleged, the character of the neighborhood had changed substantially, moreover, the Court of Appeals had meanwhile defined and clarified the norms by which the elements of unnecessary hardship are to be adjudged. (Matter of Otto v. Steinhilber, 282 N. Y. 71.) There the Court of Appeals stated the rule, which governs the exercise of the board’s discretion in hardship cases, in these words (p. 76): ££ Before the Board may exercise its discretion and grant a variance upon the ground of unnecessary hardship, the record must show that (1) the land in question cannot yield a reasonable return if used only for a purpose allowed in that zone; (2) that the plight of the owner is due to unique circumstances and not to the general conditions in the neighborhood which may reflect the unreasonableness of the zoning ordinance itself; and (3) that the use to be authorized by the variance will not alter the essential character of the locality. (Bassett, op. cit. supra, pp. 168, 169.) ”
The petitioner’s case fully established before the board the three elements constituting unnecessary hardship.
*635 First, the land in question actually does not and cannot yield a reasonable return if used only for residential purposes. The actual income falls short of a reasonable return by the sum of $15,000 annually, a substantial loss.
Second, the plight of this owner is due to unique circumstances and not to general conditions in the neighborhood which might reflect the unreasonableness of the zoning ordinance itself.
The existing store space for which the variance from residential to business use is requested is cellar space, not basement space. The Multiple Dwelling Law prohibits the use of cellar space for residential purposes. The same law permits the use of this cellar space for retail business but such use is forbidden by the Zoning Law. Thus compliance with one law is the violation of the other. This is a unique position, brought about not by general neighborhood conditions or by the Zoning Ordinance itself. The physical location is a unique circumstance: the street level of East 167th Street beginning at the Concourse drops sharply as it runs eastward. This is the only corner building, partially in a residential district and partially in a retail business district but having no building frontage in the retail business zone. Consequently, this petitioner, unlike the owners of other properties similarly located cannot get relief under subdivision (c) of section 7 of the Zoning Resolution which permits “ the extension of an existing or proposed •building into a more restricted district under such conditions as will safeguard the character of the more restricted district; permit, where premises are devoted to a non-conforming use, a new building or structure or the extension of an existing building or use into a more restricted district or into a district restricted against the proposed use under such conditions as will safeguard the character of the district
Here the only nonconforming use which the petitioner could make of its property is that of retail business to the extent that part of the site is zoned for retail use. But that is impossible because that part of the site, so zoned, has no building frontage in a retail business zone; the frontage is in the residential zone. That difference in position is sufficiently unique and so markedly different from that of other properties as to constitute the creation of an important element of unnecessary hardship as defined in the Steinhilber case.
The third element required to be present before the board should exercise its discretionary power is that the use to be authorized will not alter the essential character of the neighborhood. The outstanding fact here is that both sides of East *636 167th Street, east and west of the Concourse, on both the north and south sides of the street are solidly occupied by retail stores. Directly in front of the proposed stores, the plaza of East 167th Street is devoted to the business of the public parking of cars. The board itself recognized, I think, that the proposed use would not change the character of the locality, stating: “ It is questionable whether the granting of the
variance herein sought would alter the essential character of 167th Street due to the nature of the adjoining business uses and because the large plaza area of 167th Street which is used for parking two rows of cars actually would screen the proposed stores from the opposite side of 167th Street.”
Adjoining the site, on the east, is a theatre with stores and with respect to that condition the board states: ‘ ‘ However it would not appear that the adjoining business to the east needs the protection of the residential zoning. Naturally this adjoining owner is anxious to prevent competition.” That adjoining owner, in the possession of the advantage of business use and one other objectant now enjoying business use, are the only objectants.
The conclusion of the board that this petitioner 11 does not meet the criteria established by the Court of Appeals ” is an erroneous interpretation of the rule of law laid down in the Steinhilber case, it is contrary to law and in direct conflict with the proven facts in this record.
The prior decision (Matter of Drake Holding v. Murdock, 253 App. Div. 798, affd. 278 N. Y. 553) is not res judicata. There is present here neither identity of parties nor subject matter. (People ex rel. Norwich Pharmacal v. Porter, 228 App. Div. 54; Buffalo Fire Appliance Corp. v. City of Norwich, 156 Misc. 486.) The locality of the subject property has undergone a tremendous change since 1936. Today East 167th Street is practically a solid business street; in 1936 about 25% was devoted to business. Thus we are faced with a subject matter — the property and its surrounding features — which is not identical with the subject matter of the prior proceeding.
It is my opinion that the board erred in its interpretation of the law and the facts. I direct that the determination of the board be set aside and the matter be remitted to the board for a rehearing in the light of the views expressed by me in this opinion. The motion to dismiss the petition is denied. Submit order.