THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES ECK-ERSON et al., Respondents, *v.* CHARLES H. ZUNDEL et al., as Assessors of the Town of Haverstraw, Appellants.

| 157 | 513 |
| 161 | 271 |
| 157 | 513 |
| 166 | 102 |

1. TAX — REDUCTION OF ASSESSMENT — FORMER ADJUDICATION.  The doctrine of *People ex rel. Warren* v. *Carter* (119 N. Y. 557) as to the conclusiveness, upon the succeeding assessment, of adjudications fixing the value of the assessed property and reducing accordingly the assessments thereon for each of the two preceding years, in proceedings under the act of 1880 (Chap. 269), does not apply to a proceeding in which a majority of the assessors proceeded against were not parties to the former proceedings, and there had been changes affecting the assessable values of the property of the town.

2. ADJUDICATION NOT BINDING ON TOWN.  Assessors are independent public officers, for whose acts the town is not responsible, and the claim that an adjudication in statutory proceedings against them for the reduction of an assessment is binding upon the town and therefore conclusive in proceedings to reduce a subsequent assessment is not tenable.

3. ADJUDICATION AGAINST ASSESSORS NOT BINDING ON SUCCESSORS. The assessment for each year is a distinct proceeding, and a judgment against one set of assessors ought not to be held to control the action of other assessors who are subsequently elected.

4. FACTS UNDER WHICH ADJUDICATIONS REDUCING ASSESSMENTS ARE NOT CONCLUSIVE UPON FOLLOWING ASSESSMENT.  The facts that a majority of the assessors proceeded against by certiorari under the act of 1880 (Chap. 269) for the reduction of an assessment were not parties

65

to former proceedings against their predecessors in office, in which reductions of the assessments for the two preceding years were obtained and the value of the property fixed; that changes in the situation of the property of the town had occurred, and that the assessment of the relators' property had been reduced, disclose a situation where the former adjudications were in no way binding upon the assessors in making the assessment for the year in question.

*People ex rel. Eckerson* v. *Zundel,* 32 App. Div. 638, reversed.

(Argued November 22, 1898; decided January 10, 1899.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered upon an order made July 7, 1898, affirming a judgment of the Special Term entered upon the confirmation of the report of a referee.

The nature of the proceeding and the facts, so far as material, are stated in the opinion.

*Irving Brown* for appellants. The doctrine of *res adjudicata* does not apply to this case. (*People ex rel.* v. *Carter,* 119 N. Y. 557; *People* v. *Fowler,* 55 N. Y. 254.)

*Ralph E. Prime* for respondents. The proportionate assessable value of the property of relators was determined in the cases of 1886 and 1887, and the subject became *res adjudicata* between relators and the assessors of the town of Haverstraw, and all interests they represented. (*People ex rel.* v. *Carter,* 119 N. Y. 557; *City of New Orleans* v. *C. Bank,* 167 U. S. 371.) The judgment of a court of competent jurisdiction binds not only parties but their privies. (*Moore* v. *N. Y. El. R. R. Co.,* 126 N. Y. 671; *Leavitt* v. *Wolcott,* 95 N. Y. 219; *Smith* v. *Smith,* 79 N. Y. 634; *Clemens* v. *Clemens,* 37 N. Y. 72; *Meagley* v. *Binghamton,* 36 Hun, 172; *Goddard* v. *Benson,* 15 Abb. Pr. 191, 193; 1 Greenl. on Ev. §§ 189, 533; Bigelow on Estop. [5th ed.] 347; *People ex rel.* v. *Bd. Suprs.,* 12 How. Pr. 50; *Verplanck* v. *Van Buren,* 76 N. Y. 256.) The judgments being against the assessors as public officers, their successors were bound by the judgment as parties. (*City of New Orleans* v. *C. Bank,* 167

U. S. 371; *Goodenow* v. *Litchfield*, 59 Iowa, 226.) The judgments were *in rem*, and conclude the whole world. (*Townsend* v. *Van Buskirk*, 22 App. Div. 441.) The subject-matter of the cases of 1886 and 1887 and 1888 was always the same, and that subject-matter was the proportionate value of relators' land compared with other assessments. (*People ex rel.* v. *Carter*, 119 N. Y. 557; *People ex rel.* v. *Christie*, 115 N. Y. 644.) The question tried was a question of fact, and the finding having been unanimously affirmed it is beyond the power of the Court of Appeals to review the question. (Const. N. Y. art. 6, § 9; *People ex rel.* v. *Barker*, 152 N. Y. 417.)·

MARTIN, J.   In 1888 this proceeding was commenced by certiorari to review the assessment for that year of a piece of the relators' real property, which contained about twenty-eight acres of land situated in the town of Haverstraw, N. Y. It was instituted under the provisions of chapter 269 of the Laws of 1880. The appellants were the assessors of the town for the year 1888. In 1886 and 1887 the land in question was assessed by the appellants' predecessors in office at one hundred and forty thousand dollars. In each of those years the relators sued out a writ of certiorari to review the assessment, and it was adjudged in each proceeding that it should be reduced to the sum of $45,650.

This case involves the assessment for the year 1888 only. Upon the day fixed by law for reviewing assessments, the relators applied to the assessors for a reduction of their assessment to the amount established as the value of the property by the judgments in the proceedings for the years 1886 and 1887. This application was based wholly upon the claimed effect of those judgments, the relators insisting that they were binding and conclusive upon the assessors as to the amount of the assessment for the year 1888. The appellants, however, declined to make the reduction. This proceeding was then instituted, and subsequently upon the writ and return the court appointed a referee to take evidence pertinent to the issues and to report such testimony with his findings of fact

and conclusions of law. The referee took proof and made and filed the required findings and conclusions. The judgments which had been entered in the former proceedings were received in evidence over the objection of the appellants. The Special Term held that the former judgments were binding and conclusive upon the assessors, and that it was their duty to have made the assessment for 1888 conform to those judgments as to the value of the property assessed. To that conclusion and to the reception of the judgments in evidence, the appellants excepted. The court overruled the appellants' exceptions and confirmed the findings and conclusions of the referee. It made his findings and conclusions those of the court to the same effect as though they had been fully set forth in separate findings by it. Thereupon it adjudged that the assessment for the year 1888 was unequal, that the petitioners were thereby injured, that the valuation of sixty-five thousand dollars should be reduced to $45,650, awarded costs against the appellants personally, and ordered the assessment to be corrected in accordance with its determination. The respondents rely upon the case of. *People ex rel. Warren* v. *Carter* (119 N. Y. 557) to defeat this appeal. In that case where, in proceedings to reduce an assessment, it appeared that the assessments for the two preceding years had been made at the same sum and in similar proceedings there had been a determination fixing the actual value of the property assessed, it was held that in the absence of evidence of an increase of value, or of some change affecting its assessable value, the former adjudications were binding upon the parties to them upon a review of their assessment for the third year. The doctrine of that case is not applicable to this. There the parties were the same. The assessors were the same persons who made the preceding assessments, and it was under those circumstances that it was held that upon a review of the assessment for the third year the prior adjudications were binding upon them unless there had been some change. But in the case at bar, of the three persons who were assessors in 1888 but one was an assessor in either 1886 or 1887, and he did not verify the roll. So that

two of the appellants were not parties to the former proceeding at all, and the one who was took no part in making the assessment in question. Moreover, the court found that in 1888 the amount of the assessments upon the real estate in the town was increased more than one hundred and fifty thousand dollars over those of the two preceding years, that there were numerous changes in the assessed values of the property therein, that the relators' assessment was seventy-five thousand dollars less than in the previous years, and that changes had been made in the condition of the property in the town between the years 1887 and 1888. Thus the distinction between the *Warren* case and the case at bar is manifest, and the former does not sustain the decision in this case.

This leads us to consider, independently of that case, whether the judgments in the former proceedings were binding upon the appellants. We think the facts that a majority of the appellants were not parties to the former proceedings, that changes in the situation of the property of the town had occurred, and that the assessment of the relators' property had been reduced, disclosed a situation where the former adjudications were in no way binding upon the appellants in making the assessments for the year 1888.

By statute the appellants were required to assess all the real and personal property liable to taxation in their town at its full and true value, as they would appraise the same in payment of a just debt due from a solvent debtor, to make oath that they had so estimated the value of the property assessed, and were made guilty of perjury if they swore falsely as to the assessment made by them. (1 R. S. pt. 1, ch. 13, tit. 2, § 17; am. by ch. 176, Laws 1851; Laws 1851, ch. 176; am. ch. 57, Laws 1884, and ch. 210, Laws 1885.) They were bound to assess the property of the relators at its full and true value, and to verify their assessment. There was imposed upon them the duty of exercising their own judgment in appraising it, after employing all the tests ordinarily adopted for that purpose, including a personal survey or examination of the property. When they had exercised their judgment, their

518    People ex rel. Eckerson *v.* Zundel.    [Jan.,

Opinion of the Court, per Martin, J.    [Vol. 157.

determination was subject only to such review or correction as the law prescribes. (*People ex rel.* v. *Coleman*, 107 N. Y. 541.)

The contention of the respondents, that the judgments in the proceedings for the years 1886 and 1887, were binding upon the town of Haverstraw, and, hence, controlling in this action, cannot be sustained. Assessors are independent public officers whose duties are prescribed by law. (Mechem on Public Officers, § 28.) They are in no legal sense the agents or representatives of the town, and the town is not responsible for their acts or omissions. (*Lorillard* v. *Town of Monroe*, 11 N. Y. 392.) Thus the appellants in assessing the relators for the year 1888, in no just sense acted for the town or in any way bound it. What they did was to discharge the public duties imposed upon them by statute for which the town was in no way responsible. Nor was the town liable for the acts of the assessors for the years 1886 and 1887. Those were independent acts of the persons who were assessors during those years, and neither their acts nor any adjudication against them as such assessors were binding upon the town or the persons succeeding to the office. There was no privity between the persons who were assessors for 1886 and 1887, and those who were assessors during the year 1888, except so far as the same persons were assessors in those years.

We are aware of no principle upon which it can be properly held that assessors, who are required to make a sworn appraisal of the value of the property assessed, are concluded by the action of other and preceding assessors, or by any judgment that may be recovered against them in relation to assessments of preceding years. The assessment for each year is a distinct proceeding, separate from other assessments, and a judgment against one set of assessors ought not to be held to control the action of other assessors who are subsequently elected. In *People ex rel. N. E. Dressed Meat Co.* v. *Roberts* (155 N. Y. 408, 413) this court held that the determination of an assessing or taxing officer, that an assessment made for one year should be canceled for the reason that the property was

not the subject of taxation, was not conclusive upon succeeding officers against assessments made for subsequent years. In that case, in discussing the functions of assessing officers, this court said : "Officers upon whom the duty of making assessments for the purpose of taxation is imposed are independent public officers, exercising public powers, charged with special public duties, possessing no jurisdiction as agents of the state, and for whose acts the state is not liable. Nor is the state responsible for any mistake or misfeasance by them in the performance of their duty. The statute imposes on. such officers the duty to perform certain distinct and definite acts." The principle of that case is adverse to the contention of the respondents, and seems quite decisive of the question under consideration.

The court below evidently fell into error when it held that the appellants were bound by the decisions in the proceedings to review the assessments for the preceding years, especially when they made the fact that they did not blindly follow those judgments in determining the value of the relators' property the ground of imputing to them gross negligence, bad faith or malice as a basis for costs against them personally. Under the circumstances of this case the former judgments did not deprive the appellants of the right or relieve them from the duty of exercising their judgment in the manner prescribed by statute. Until the relators in a proceeding to review the action of the appellants have established an inequality of assessment, they are not entitled to the relief sought. Obviously, the finding of the court below, that the relators' property was assessed unequally or for a greater sum than its value, was based upon the sole ground that the assessment was for a larger amount than was determined by the courts to have been its value in the years 1886 and 1887.

We are of the opinion that under the proof and circumstances of this case the courts below erred in holding that the judgments entered in the proceedings to review the assessments for the years 1886 and 1887 were binding upon the appellants in making the assessments for the year 1888, and

that the judgments of the Appellate Division and of the Special Term should be reversed, the report of the referee set aside and the proceedings remitted to the Supreme Court for further consideration.

All concur, except GRAY, J., absent.

Judgments reversed, etc.