NEW YORK STATE REALTY AND TERMINAL COMPANY, PROSECUTOR, v. HUDSON COUNTY BOARD OF TAXATION, DEFENDANT.

Argued March 21, 1925—Decided August 26, 1925.

Under the provisions of section 28 of the Tax act of 1903 (*Pamph. L.,* p. 412), a township collector may file a complaint with the county tax board to have an assessment increased at any time within a year from the time the tax became a lien, and this statutory provision is not in conflict with, nor abrogated by, the provision in the Tax act of 1918 (*Pamph. L.,* p. 879), that appeals to the county board shall be made before June 15th of the year in which the assessment is made.

---

On *certiorari* to review assessment in township of Weehawken.

Before Mr. Justice MINTURN.

For the prosecutor, *Wall, Haight, Carey & Hartpence.*

For the defendant, *Edward P. Stout, William S. Stuhr* and *John J. Fallon.*

The opinion of the court was delivered by

MINTURN, J. The prosecutor's property, in the township of Weehawken, was assessed for taxes for the year 1923 at an aggregate of $3,460.900. In September of that year the township appealed from this assessment to the state board of taxes and assessments, which board, in February, 1924, dismissed the petition of appeal upon the ground that the township had failed to file it before the 15th of June, the limitation date for the purpose, provided in the statute. *Tax act, Rev.* 1918, *p.* 879. No appeal by *certiorari* or otherwise was taken from that judgment, but in February, 1924, the township collector *eo nomine* filed complaints with the county board, alleging an under assessment of the same properties for the year 1923, and requesting an increase thereof. The prosecutor contested the jurisdiction of the county board at the hearing on the ground that the complaint had not been filed before June 15th, as required by the statute. The county board overruling this legal contention proceeded to hear the matter, and gave judgment increasing the assessment to the extent of $684,100, to review which action this writ was allowed. The question is one of statutory construction. The tax revision of 1918 imposes the limitation of June 15th of the assessment year as the final date for the filing of a petition of appeal with the county board, and section 704 of the act provides for an appeal to the state board. This court held, in *Spencer* v. *Middlesex Tax Board,* 95 *N. J. L.* 5, that the supplementary act creating county tax boards (1906) was not repealed by the tax revision of 1918. The result is that these boards remain legally intact, with all the powers conceded to them by unrepealed legislation. Under section 28 of the act

of 1903 they possessed the power to add omitted property to the tax list, and to increase the amounts of assessments within one year from the time the taxes became a lien, as they assumed to do in this case. It will be observed that a distinction is made in this legislation between the filing of appeals under the act of 1918 and the filing of a complaint by the township collector under the tenth section of the act of 1906, and this distinction is emphasized in the briefs of defendant, and seems to be supported by sections 27 and 28 of the act of 1903. In the one instance an appeal seems to be given to the taxpayer for reductions, and in the other a complaint may be filed by the tax collector and taxpayers for an increased assessment. Thus, in the appeal to the state board the township was the petitioner, while in the complaint filed with the county board for an increase the township collector complains.

This distinction seems to be substantial and to warrant the action of the collector in this instance, and the procedure of the county board in assuming jurisdiction. That the two acts are not identical in subject-matter or in parties so as to be subject to the legal rule of *res adjudicata* seems to be supported by the authorities. *People* v. *Zundel,* 157 *N. Y.* 513.

The construction thus placed upon this legislation seems to be supported by the adjudication of this court in the opinion filed by Mr. Justice Katzenbach in *Pusey Jones Co.* v. *State Board,* 7 *An. Rep. State Board* 16, and also in *Kenilworth* v. *Board of Equalization,* 78 *N. J. L.* 302.

The result is that the action of the county board in assuming jurisdiction of the matter *sub judice* is affirmed.