THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN G. M. HILTON, Appellant, *v.* NICHOLAS J. FAHRENKOPF, as Commissioner of Assessments of the City of Albany, New York, and Others, Respondents.

Third Department, June 22, 1938.

*Woollard & Morris [William E. Woollard* and *Ernest B. Morris* of counsel], for the appellant.

*Joseph J. Casey, Corporation Counsel,* for the respondents.

HILL, P. J. Appeal from an order of the Albany Special Term made upon the report of a referee and after hearing oral evidence on its own motion, fixing the assessed valuation for 1936 of 41 North Pearl street, Albany, at $704,000, and 98 Sheridan avenue at $15,048. These properties had been assessed by the commissioner of assessments respectively at $800,000 and $25,000. It was stipulated that there was twelve per cent inequality, or that property generally in the city of Albany was assessed at eighty-eight per cent of its value. The court determined that the value of the Pearl street property was $800,000, which should be reduced $96,000, because of the twelve per cent inequality, and the assessment fixed at $704,000; that there was overvaluation of $7,900 as to the Sheridan avenue property and the stipulated inequality of twelve per cent amounting to $2,052, and fixed the assessment at $15,408. The assessments upon these properties were reviewed in certiorari proceedings in 1934 and 1935. In 1936 the commissioner of assessments disregarded the decisions as to 1934 and 1935 and assessed the properties at the amounts which had been held to be excessive (Appeal dismissed, 246 App. Div. 664). In 1934 the Pearl street property was reduced $242,000 for overvaluation and $66,960 for inequality, and the assessment fixed by the court at $491,040. The Sheridan avenue property was reduced $8,000 for overvaluation, $2,040 for inequality, and the assessment fixed by the court at $14,960. In 1935 the Pearl street property was reduced $243,950 for over-

valuation, $66,726 for inequality, and the assessment fixed by the court at $489,324. The reduction for overvaluation and inequality as to the Sheridan avenue property in 1935 was identical with that of 1934.

The relator argues that under the doctrine of *res judicata* the 1935 judgment of the Supreme Court fixes the amount of the assessment for 1936. " The adjudications made in 1885 and 1886 were binding and conclusive upon the parties thereto as to the value of the property in those years, and unless there was an increase in its value subsequent to those adjudications and before the assessment in 1887, or some change affecting its assessable value, the court at Special Term committed no error in giving those adjudications conclusive effect between the parties. The fact that some of the assessors had received new terms of office was unimportant. The offices and the officers were the same, and we see no reason to doubt that the doctrine of *res adjudicata* should apply to such a case so far as above indicated." (*People ex rel. Warren* v. *Carter*, 119 N. Y. 557, 559.) In *People ex rel. Eckerson* v. *Zundel* (157 N. Y. 513) the *Carter* case is distinguished in the following manner: " In that case [*Carter*] where, in proceedings to reduce an assessment, it appeared that the assessments for the two preceding years had been made at the same sum and in similar proceedings there had been a determination fixing the actual value of the property assessed, it was held that in the absence of evidence of an increase of value, or of some change affecting its assessable value, the former adjudications were binding upon the parties to them upon a review of their assessment for the third year. The doctrine of that case is not applicable to this." In the *Zundel* case only one of the assessors for the years 1886 and 1887 was in office when the 1888 increased assessments were made. The assessment for the entire city of Albany for the year 1934 was $228,720,985; for 1935, $225,047,728, and for 1936, $225,538,202. The assessment for the sixth ward, wherein this property is located, was: $60,053,030 for 1934; $58,299,530 for 1935, and $57,999,130 for 1936. The same commissioner of assessment served in each of the years and the only change was in the office of corporation counsel who is an *ex officio* member of the board of review. A witness called by the city testified that there had been no change in the structures from 1934 to 1936. If the doctrine of *res adjudicata* is applicable when there has been any change in the personnel of the assessing officials or in the total assessments of the tax district, it should be decisive here, for the board of review, with its one new member, took no action as to this assessment and the changes in the general assessment figures indicated a reduction rather than

an increase as to relator's property. The decision under review increases the assessments from less than $500,000 in 1934 and 1935, which were fixed by the court, to over $700,000 in 1936, and the total assessment of the city of Albany in 1936 was over $3,000,000 less than in 1934 and only half a million more than in 1935. The assessed valuation in the sixth ward, which includes the high-priced frontage on Pearl street, was more than $2,000,000 less in 1936 than in 1934, and $300,000 less than in 1935, while the assessment on this property is increased nearly fifty per cent. The legal presumption that the assessment is correct is weakened by the foregoing facts and by the stipulation agreed to by the city that there is a twelve per cent inequality in the assessments.

In appraising the value of land and buildings a conclusion should be reached after consideration of the method of construction, the depreciation, the profitableness of its use, present and prospective, and the market value as shown by sales in the vicinity. (*People ex rel. Amal. Properties, Inc.,* v. *Sutton,* 274 N. Y. 309; *Great Northern R. Co.* v. *Weeks,* 297 U. S. 135.) The proof taken at Special Term on the motion of the court and after the report of the referee had been filed had to do chiefly with profitableness of the use of the property. The only juridical reason for a nearly fifty per cent increase in the value of the Pearl street property over the amounts fixed by the court for the two previous years is the over emphasis given by the trial justice to the rental factor. In the opinion the court purported to compute the percentage of income which the rentals would give on the value of the property as fixed by the decision. His dividend and divisor were each incorrect. He assumed a net annual income of $45,315. It is not disputed that the rentals are $4,000 less. That amount, while paid at the time of rental payments, is an annual installment owing and paid to one of the owners of the real property for his former interest as a partner in the mercantile business which was conducted on the premises prior to the purchase by the corporation which is now the tenant. The opinion states that as the payment of $4,000 to Hilton on account of his former interest as a partner is made pursuant to an oral agreement which would tend to vary the terms of the written lease, it may not be considered. The rule which makes a written contract conclusive proof of what the parties have agreed to and which rejects parol proof to vary or contradict the writing or its legal import applies only to controversies between the parties to the instrument. (*Folinsbee* v. *Sawyer,* 157 N. Y. 196; *Cassin* v. *Stillman, Delehanty-Ferris Co.,* 185 App. Div. 63.) During the trial it was stipulated that the Hilton annual rental was $20,000. This was later withdrawn and proof introduced but the fact is not questioned.

For the purpose of the computation the court assumed $704,000 to be the value of the Pearl street property as fixed by the decision under review, and $15,048 the value of the Sheridan avenue property. These amounts are the assessed values and only eighty-eight per cent of the market value. In view of the stipulation as to twelve per cent inequality in assessments in Albany the 1936 decision fixed $800,000 as the true value of the Pearl street property and $17,100 of the Sheridan avenue property, or a combined value of $817,100. The real rental of $41,315 is but slightly in excess of four and one-half per cent return on $817,100. That percentage is not a net return as the factors of depreciation and obsolescence are not considered and as the owners are required, under the lease, to make all structural repairs. Also thereunder it is assumed that the location will never lose its popularity as a retail shopping area and, therefore, that rentals will never be reduced. Experience has not shown that the popularity factor is permanent. Over emphasis was given to present rentals to the exclusion of other factors which should have been considered. This is not an income tax proceeding but one to fix values for the purpose of a real estate tax.

The order should be reversed on the law and facts, with costs, and the assessments fixed at $489,324 for the Pearl street property and $14,960 for the Sheridan avenue property.

CRAPSER and HEFFERNAN, JJ., concur; RHODES, J., dissents, with a memorandum in which BLISS, J., concurs.

RHODES, J. (dissenting). I do not think the rule of *res judicata* precluded the assessors from raising the assessment in this case. The evidence now before us includes evidence as to the amount of rent received under the leases covering the premises, which evidence and which leases were not produced in the proceedings relative to the prior assessment.

Furthermore, the relator in this proceeding requested that the assessment be reduced below that of the previous year, thus tacitly admitting that there had been a change in values since the prior assessment; instead of accepting the amounts fixed by the previous assessment, he sought to have a different valuation declared, thus taking a position inconsistent with his claim that the valuation of the previous year is binding and conclusive. For this reason relator should be precluded from asserting that the previous determination is *res judicata*.

It is conceded in the brief of counsel for relator that there is evidence to support the findings as to the value of the property; this being so, no sufficient reason appears why this court should substitute its judgment for that of the assessors and of the court below.

The order should be affirmed, with costs.

BLISS, J., concurs.

Final order reversed on the law and facts and the amount of overvaluation of 41 North Pearl street fixed at $243,950 and of 98 Sheridan avenue at $8,000. The amount of inequality as to 41 North Pearl street is fixed at $66,726. And of 98 Sheridan avenue at $2,040. And the assessments are reduced as follows: 41 North Pearl street from $800,000 to $489,324; 98 Sheridan avenue from $25,000 to $14,960, with fifty dollars costs and disbursements.

The following findings contained in the decision are reversed: Numbers 4, 6, 7, and 8 and all facts found under the heading " Conclusions of Law." The court makes the following findings from relator's requests to find in addition to those therein found by the trial court: Numbers 4, 6, 7, 8, 13 and 15.