## (October 6, 1939.)

The People of the State of New York ex rel. John G. M. Hilton, Respondent
  *v.* Richard J. Lewis, as Commissioner of Assessment and Taxation, James F.
  Finn, as Commissioner of Buildings, and Frank J. O'Brien, as City Treasurer
  of the City of Albany, New York, Appellants.

(Premises 41 North Pearl Street — Assessment of 1937.)

Per Curiam. Review on reargument of a final order and judgment of the Supreme Court, entered in the office of the clerk of the county of Albany on the

22d day of September, 1938, reducing the assessment of petitioner's real property from $800,000 to $400,000. On the prior argument the order and judgment below were reversed upon the law and facts and the matter referred to an official referee to hear and report. (*People ex rel. Hilton* v. *Lewis*, 256 App. Div. 479.) On this reargument, which was brought on by consent, the parties have stipulated in open court that the evidence adduced before the official referee be considered by us with the same force and effect as if given on the original hearing before the referee appointed by the Special Term below.

The record now shows that previous assessments on this property as originally made by the assessors for each of the years 1934, 1935 and 1936 were $800,000 each. The 1934 assessment was reduced to $491,040 by the Special Term on a certiorari proceeding and an appeal to this court dismissed. (*People ex rel. Hilton* v. *Fahrenkopf*, 246 App. Div. 664.) The 1935 assessment of $800,000 was similarly reduced to $489,324. But for the year 1936 the Special Term declined to confirm the referee's recommendation that the assessment be reduced to $489,324 and found a full value of $800,000 and an equalized value of $704,000. This was reversed by our court (two members dissenting) and the value found by the referee adopted, (*People ex rel. Hilton* v. *Fahrenkopf*, 254 App. Div. 397.) The Court of Appeals, after reviewing both the facts and the law, reversed the decision of this court and affirmed that of the Special Term. (279 N. Y. 49.)

Giving due consideration to all of these previous valuations of this property together with the other evidence now in the record we believe that the full market value of this property is $750,000 and that the rate of assessment generally in the city of Albany for the year in question was eighty-two per cent of full value. Equalizing the full value of this property at this rate we find the proper assessment to have been $615,000.

Crapser, Bliss, Schenck and Foster, JJ., concur; Hill, P. J., dissents, with a memorandum.

HILL, P. J. (dissenting). This matter is now before us as an appeal from the Rensselaer Special Term which adopted and approved the findings of a referee. The earlier decision by which this court appointed a referee has been set aside. The referee who heard the witnesses and the Special Term which adopted his findings were better qualified to pass upon the question of fact than this court. This court is not warranted in substituting its judgment as to value for the amount found by the trial court.

The decision of this court on the prior argument, handed down March 15, 1939 [256 App. Div. 479], is in all respects set aside; and this court, on a reargument of the appeal, had on the 4th day of October, 1939, which reargument was brought on by consent of the parties, hereby renders the following decision:

Judgment and order reversed, on the law and facts, without costs to either party against the other.

The court reverses all findings of fact, and disapproves all conclusions of law made by the court below.

The court finds and concludes as follows:

### FINDINGS OF FACT.

*First.* The assessed parcel involved in this proceeding is owned in part by the relator herein and was described and assessed in the 1937 assessment roll of the city of Albany as follows:

" Owner: John G. M. Hilton.
Property: 41 North Pearl Street.
Land value: $434,000.
Full value: $800,000.
Character of property: Mercantile.
Description: 6-stone and brick.
Dimensions: Front, west line 58.70 feet, east line 72.12 feet; depth, 213.86 feet."

*Second.* The relator duly demanded reduction in the assessment from $800,000 to $400,000.

*Third.* That the full, fair and reasonable value of the assessed premises herein, including all improvements thereon, as it would be appraised in payment of a just debt due from a solvent debtor on July 1, 1937, was the sum of $750,000.

*Fourth.* That the assessment of said parcel involved in this proceeding is erroneous by reason of overvaluation to the extent of the difference between the amount which the premises are assessed for and the full value of said parcel as herein found, and the amount of overvaluation is $50,000.

*Fifth.* That the assessment of said parcel involved in this proceeding in the year 1937 is also erroneous by reason of inequality, in that the assessment has been made beyond the value thereof and also at a higher proportionate valuation than the assessment of other property on the same roll by the same officers.

*Sixth.* That the assessed value of real property generally on the assessment roll of 1937, throughout the city of Albany, is eighty-two per cent of the full value; and that the extent of inequality in the assessment of the parcel involved in this proceeding amounts to eighteen per cent of its full value. Therefore, the assessed valuation of the relator's premises should be reduced in all to $615,000.

### CONCLUSIONS OF LAW.

*First.* That relator is entitled to judgment herein that the assessment of said parcel described on the assessment roll of 1937 involved in this proceeding is erroneous by reason of overvaluation to the extent of $50,000.

*Second.* That relator is entitled to judgment that the aforesaid assessment for the year 1937 is also erroneous by reason of inequality, which inequality amounts to eighteen per cent of the full value of said property. The amount, therefore, to be allowed for such inequality is $135,000.

*Third.* That the assessment roll of the city of Albany for the year 1937 should be corrected and the judgment to be entered herein should direct that the assessment for the year 1937 of the premises involved in this proceeding be corrected by reducing said assessment to $615,000, without costs.