THE PEOPLE OF THE STATE OF NEW YORK ex rel. F. K. S. ESTATE CORPORATION, Appellant, *v.* WILLIAM STANLEY MILLER and Others, as Commissioners of Taxes and Assessments of the City of New York, and as Constituting the Board of Taxes and Assessments of the City of New York, and WILLIAM STANLEY MILLER, as President of Said Board of Taxes and Assessments, Respondents. (Consolidated Appeals — Taxes of 1935, 1936 and 1937.)

First Department, October 27, 1939.

*Edmund B. Bellinger* of counsel [*Blackwell Bros.*, attorneys], for the appellant.

*Spencer Byard* of counsel [*Arthur A. Segall* and *Joseph B. Glebocki* with him on the brief; *William C. Chanler, Corporation Counsel*, attorney], for the respondents.

TOWNLEY, J. This is a consolidated certiorari proceeding to review the tax assessments on certain properties for the years 1935, 1936 and 1937. The case was tried by a referee who made findings of fact as to value. The court on a motion to confirm the referee's report adopted these findings as the true value of the property but at the same time modified the assessment value to equal approxi-

mately the values reached in a prior certiorari proceeding in 1934 which affected the same property. (*People ex rel. Sturgis* v. *Miller*, 249 App. Div. 610.) In other words, the court has reached an assessment value which is higher than the court's finding of the present value of the property. This conclusion is based on an erroneous legal theory that the court was bound to accept the 1934 values because of some theory of *res judicata*.

Whatever doubt there may have been on this subject in the past was all settled by the decision of the Court of Appeals in *People ex rel. Hilton* v. *Fahrenkopf* (279 N. Y. 49). Judge LOUGHRAN wrote at page 52: " It is of the essence of an assessment that it fixes value as of a certain time. Each annual proceeding is separate and distinct from every other. Year by year an assessor must use his own judgment and must verify the roll (Tax Law, § 28). From these considerations it results that a prior judicial determination of value does not legally bind successor assessors. (*People ex rel. Eckerson* v. *Zundel*, 157 N. Y. 513.) It was by that decision suggested, to be sure, that a different result might consistently be predicated of the circumstance that no change in the personnel of an assessing board had occurred since a prior adjudication of value was made. We are now persuaded to say that we think this suggestion was unsound, for value in one year is not in issue thereafter nor are the assessors themselves real parties in interest. Accordingly, we conclude that (though the assessing officers have at all times been the same persons) the doctrine of *res judicata* can have no true application to the issues of value in recurring assessment proceedings. (Cf. *Tait* v. *Western Maryland Ry. Co.*, 289 U. S. 620.)"

The evidence presented by both sides when properly analyzed supports the finding of the referee as to the correct assessed values to be given to these properties in the years at issue. The result reached herein is not in conflict with our decision in *People ex rel. 180 Varick Street Corp.* v. *Miller* (257 App. Div. 936), because in that case the result reached was justified by the evidence of value, and the other ground upon which the decision was put was immaterial.

Accordingly, the orders should be reversed, with twenty dollars costs and disbursements, and the report of the referee should be confirmed.

MARTIN, P. J., O'MALLEY, DORE and CALLAHAN, JJ., concur.

Orders unanimously reversed, with twenty dollars costs and disbursements, and the referee's report confirmed. Settle order on notice.