In the Matter of the Application of MARION LODGE No. 926 F. & A. M., Petitioner, for a Writ of Certiorari Directed to JOHN S. RICH, ISAAC SHIPPERS and FRED LOOKUP, Assessors of the Tax District Composed of the Town of Marion, Wayne County, New York, Respondents.

Supreme Court, Wayne County, March 17, 1942.

*James P. Thompson*, for the petitioner.

*Charles H. Herrick, County Attorney*, for the respondents.

GILBERT, J. This proceeding is brought to punish the respondents, constituting the assessors of the town of Marion, Wayne county, for a contempt of court. The contempt alleged purports to be an assessment of the petitioner's real estate in the town of Marion, made in the year 1941, subsequent to a judgment of this court following a certiorari proceeding had by the petitioner to review an assessment of the same real estate made in the year 1940, and which said judgment among other things decreed the said real estate to be exempt from taxation.

The present proceeding was started by a show cause order which required the respondent assessors to show cause " why an order should not be made herein adjudging them guilty of a contempt of court for their failure and refusal to comply with and carry out the provisions of the judgment and decree duly granted herein on November 2nd, 1940."

The terms of the judgment and decree referred to, a violation of which is alleged, are as follows:

" ORDERED, ADJUDGED AND DECREED, that the assessment of the Relator in the Town of Marion, and described upon the 1940 assessment roll of the Town of Marion as follows:

" ' Masonic Lodge No. 926, situate N. Main Street, bounded north, Petty; East, highway; South, McMullen and West by M.H.S.; valuation $1600.00,' be and the same hereby is declared invalid and illegal and stricken from the tax roll; and it is further

" ORDERED, ADJUDGED AND DECREED, that the taxing officers and the several tax collectors of said Town be, and they hereby are, ordered and directed to cancel all taxes assessed against said property subsequent to August 13th, 1940, the review date of said assessment, and are hereby restrained and enjoined from enforcing and attempting to enforce the collection of any such assessment or tax levy, and it is further

" ORDERED, ADJUDGED AND DECREED, that the said real property be, and the same hereby is, exempt from taxation."

A statement of the facts involved is as follows: The petitioner is a Masonic lodge owning real estate in the town of Marion. In 1940 the respondents, who were the assessors of said town, assessed

petitioner's real estate; a certiorari proceeding was then instituted by the petitioner to have the said assessment stricken from the assessment roll of said town. A writ was issued returnable at a Special Term of this court held on November 2, 1940, and which directed the respondents to make a return thereto. On November 2, 1940, the respondents neither appeared nor served a return to the writ. No proceeding was taken to compel a return by the respondents but a judgment was entered as in the manner of a default. No proofs were taken by the court but the judgment recites that the court adopted the verified petition of the relator as the findings of the court and a judgment was entered containing the provisions hereinbefore quoted.

The judgment was duly entered and a certified copy thereof served on the respondents.

Complying with the terms of the judgment, no attempt was made to collect the tax levied on the 1940 assessment. However, during the appropriate period in 1941, the respondents as such assessors again assessed the petitioner's real estate in the town of Marion and it is as a result of this 1941 assessment that the present proceeding is brought by the petitioner to punish the respondents for a contempt.

It might be sufficient for a determination of the present proceeding merely to point out that the respondents have not violated any of the terms of the 1940 judgment, as will be seen by reading the pertinent clauses of that judgment as hereinbefore quoted. The provisions thereof merely declared the 1940 assessment invalid and illegal and to be stricken from the tax roll and ordered the " taxing officers and the several tax collectors of said town " to cancel all taxes assessed against the property in question subsequent to August 13, 1940, the review date of said assessment, and restrained and enjoined the mentioned officers and collectors from enforcing or attempting to enforce the collection of such assessment or tax levy. It further decreed the said real property to be exempt from taxation. Just what is meant by the term " taxing officers " is uncertain. Certainly the assessors are not taxing officers. It is true that they make the assessment but they do not levy the tax nor have they jurisdiction to determine what property is taxable within the town. (*National Bank of Chemung* v. *City of Elmira*, 53 N. Y. 49.)

It is undisputed that, so far as the 1940 assessment and tax levied thereon are concerned, the terms of the judgment were complied with. The declaration of the judgment that the real property in question is exempt from taxation has in no way been interfered with or nullified by these respondents by their act in assessing

222

the real estate in 1941. Whether or not the act of the taxing board in levying a tax on the real estate based on the 1941 assessment or an attempt by the collector of the town to collect such a tax would constitute a contempt is not before this court to decide. The sole question to be decided in this proceeding is whether or not these respondents as assessors have failed to comply with any provision of the 1940 judgment which directed them to do or to refrain from doing any particular act or acts and there is no evidence which would sustain such a finding.

It might be interesting although not essential to a decision of this particular proceeding to determine what, if any, remedy under the 1940 judgment of this court is open to the petitioner.

An assessment may be erroneous or it may be illegal. In the one case the assessor has jurisdiction to assess but errs in his judgment. The most frequent example is an overvaluation. In the other case, an illegal assessment, the assessor acts without authority in law or in other words without jurisdiction. A frequent example is, as found in the 1940 judgment of this court, that the property assessed was exempt from taxation. To correct an erroneous assessment the exclusive remedy is certiorari under the provisions of the Tax Law. An illegal assessment is a nullity; a void act. An illegal assessment may be attacked by certiorari although it has been held that certiorari is not an adequate remedy (*Dun & Bradstreet, Inc.*, v. *City of New York*, 276 N. Y. 198); or such an assessment may be attacked collaterally. (*National Bank of Chemung* v. *City of Elmira, supra; Dun & Bradstreet, Inc.*, v. *City of New York, supra; People ex rel. Erie R. R. Co.* v. *Tax Commission*, 246 N. Y. 322; *Matter of City of N. Y.* [*Woodhaven Blvd.-Queens*], 260 App. Div. 659.)

It has been held that an assessment fixed by a certiorari proceeding in one year is not necessarily a continuing valuation for subsequent years. It fixes the value as of a certain time and a prior judicial determination of value does not legally bind successor assessors. (*People ex rel. Eckerson* v. *Zundel*, 157 N. Y. 513.)

The Court of Appeals in *People ex rel. Hilton* v. *Fahrenkopf* (279 N. Y. 49) have carried the rule enunciated in *People ex rel. Eckerson* v. *Zundel* (*supra*) still further and have held that the doctrine of *res judicata* has no application to issues of value in recurring assessment proceedings. Of course the idea back of these decisions is that conditions and values change from year to year. Is it not just as true that conditions which determine exemption from taxation of a particular parcel of real estate may change so that real estate exempt from taxation in one year may lose its exemption in a subsequent year? If this reasoning is sound, then

a decision of the court in one year that a parcel of real estate is exempt from taxation is not *res judicata* and, applying that reasoning to the facts in the instant case, does not the judgment of this court entered in 1940 merely determine that the petitioner's real estate was exempt from taxation at the time the judgment was entered and leave the question of exemption open for a redetermination when and if the question should next be raised?

It would seem that the petitioner has several remedies. Among others it need do nothing until its possession or enjoyment is in some way attacked; it may institute another certiorari proceeding; it may bring an action directly to have the tax declared illegal; it might bring an action for a declaratory judgment. These are merely possible remedies.

It is suggested by the petitioner to be an impossible or ridiculous proposition that, if, in spite of the adjudication of 1940 that its property is exempt from taxation, it should have to bring succeeding actions if the assessors insist on assessing the property from year to year. This court is not called upon to pass upon such a situation at this time. However, it might be suggested, if such a state of facts arose, that an action could be instituted by the petitioner which would result in such a judgment as would remedy that situation.

The motion of the petitioner to punish the respondents for contempt is denied, without costs.